IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2008 AUG -4 PH 1: 44

CLERK _L. Ilenders_
SO. DIST. OF GA.

LUCY HARRIS, on behalf of        )
Rashinique Harris,               )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        CV 107-058
                                 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security Administration, )
                                 )
            Defendant.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lucy Harris ("Plaintiff"), proceeding *pro se* on behalf of her daughter Rashinique,

Harris ("Ms. Harris"), appeals the decision of the Commissioner of Social Security

Administration ("Commissioner") reducing her daughter's Supplemental Security Income

("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both

parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS**

and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the

Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Ms. Harris filed her first application for SSI on June 7, 2000. Tr. ("R") 44-46. The

application was denied at the initial and reconsideration stages. R. 26-29, 32-34. Plaintiff

then requested a hearing before an Administrative Law Judge ("ALJ"). R. 35. Plaintiff and Ms. Harris testified at the hearing. R. 389-423. Thereafter, the ALJ issued a favorable decision dated September 16, 2003, finding that Ms. Harris was disabled as of June 1, 2000. R. 268-74.

On November 18, 2003 Ms. Harris filed a second application for SSI payments. R. 49-52. On January 9, 2004, the Social Security Administration issued a notice informing Ms. Harris that she met the non-medical requirements to receive SSI, but that due to the value of food and shelter she received, her monthly benefit amount was subject to a one-third reduction. R. 299-310. Plaintiff's request for reconsideration was denied. R. 286-88. Plaintiff then requested a hearing before an ALJ. R. 295. On August 9, 2005, a hearing was held. R. 424-44. Plaintiff and Ms. Harris testified at the hearing. Id. On November 22, 2005, the ALJ issued a decision finding that Ms. Harris ". . . has received in-kind support and maintenance that constitutes in-kind income and triggers the One-Third Reduction Rule. Accordingly, the reduction of the claimant's benefits is appropriate." R. 16. The ALJ concluded:

1.   The claimant was awarded SSI benefits based upon her application dated June 7, 2000.

2.   The claimant's June 7, 2000, application for SSI stated that she lived in a private home and that she commenced living there on June 1, 2000.

3.   The claimant did not contribute to the operation of the household.

4.   The claimant received in-kind income (20 C.F.R. §§ 416.1102, 416.1130(b)).

5.   The One-Third Reduction Rule applies (20 C.F.R. §§ 416.1130(c),

416.1131, 416.1133). The evidence in this case establishes that the claimant lives in the household of another person, her mother, and that she is not paying a pro rata share of the household expense. Additionally, in view of the strength of the documentary evidence in this case, the testimony of the claimant and her mother, to the extent that such testimony asserts that the claimant is paying a pro rata share of household expenses and that the claimant intends to reimburse her mother for monies previously expended on the claimant's behalf is not credible.

R. 15-18.

Plaintiff requested a review of the ALJ's decision on February 3, 2006. R. 324, 326-30). On January 31, 2007, the Appeals Council ("AC") denied her request. R. 5-7. When the AC denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. Id. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting that the case be reversed or remanded to the Commissioner for further consideration. The Court resolves the matter as follows.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference,

3

the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

In her brief, Plaintiff argues that the ALJ erred in determining that the one-third reduction rule applied to Ms. Harris. (Doc. no. 10, p. 4). Plaintiff asserts that "[t]he evidence was overwhelmingly clear that the claimant shares a household with three people and pays her pro rata share of household operating expenses." (Id. at 5). The Commissioner, on the other hand, proffers that the ALJ's decision was based on substantial evidence in the record and that the ALJ properly concluded that Plaintiff's allegations regarding whether a loan agreement existed were not credible. (Doc. no. 11, p. 11). Therefore, the Commissioner argues that the ALJ properly concluded that one-third reduction rule applied to Ms. Harris.

This case varies from the typical Social Security disability case in that here, the parties agree that Ms. Harris is medically disabled and entitled to receive SSI. The question at issue is whether her SSI benefits should have been reduced by one-third pursuant to 20 C.F.R. § 416.1131. The one-third reduction rule provides that Ms. Harris's SSI benefits be reduced by one-third to compensate for food an shelter that she is receiving from Plaintiff. The Social Security regulations provide that both earned income and unearned income include items received in-kind. Id. § 416.1130. In-kind items are valued at their current market value. Id. However, instead of determining the actual dollar value of in-kind support and maintenance, one-third of the Federal benefit rate is counted as additional income if the claimant: (1) lives in another person's household for a full calendar month except for temporary absences, and (2) receive both food and shelter from the person in whose household she is living. Id. § 416.1131. Notably, however, if a claimant pays her own pro

rata share toward monthly household operating expenses, she is considered to be living in her own household and not receiving in-kind support and maintenance from anyone else in the household. Id. at § 1133. In such circumstances, the one-third reduction would not apply. Id.

Here, the ALJ determined that Ms. Harris lived in Plaintiff's house and received in-kind income. R. 17. Additionally, the ALJ determined that Ms. Harris did not pay her own pro rata share toward monthly household operating expenses. Id. Nor was there an agreement between Ms. Harris and Plaintiff that Ms. Harris intended to reimburse Plaintiff for monies previously expended on Ms. Harris's behalf. R. 18. Plaintiff disagrees with the ALJ's determination and asserts that Ms. Harris pays her pro rata share of the household operating expenses and that there is an oral agreement between she and Ms. Harris that when Ms. Harris reached the age of eighteen (18) she would start contributing to her food and shelter expenses once she had a source of income. (Doc. no. 10, p. 5). As such, Plaintiff maintains that the one-third reduction should not be applied to Ms. Harris's SSI benefits. Id.

Here, the ALJ's decision hinges on a credibility determination. "Credibility determinations are, of course, for the [Commissioner], not the courts."[1] Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (per curiam). As the Eleventh

---

[1]The ALJ has wide latitude as finder of fact to evaluate the weight of the evidence, particularly the credibility of the testimony. Owens v. Heckler, 748 F.2d 1511, 1514 (11th Cir. 1984) (regarding determination that claimant was ineligible for SSI benefits due to excess resources). If he does reject the claimant's testimony on credibility grounds, however, he must explicitly state as much. Id.

Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). In this case, the ALJ concluded:

> In view of the strength of the documentary evidence in this case, the testimony of the claimant and her mother [Plaintiff], to the extent that such testimony asserts that the claimant is paying a pro rata share of household expenses and that the claimant intends to reimburse her mother for monies previously expended on the claimant's behalf is not credible.

R. 18.

Initially, the ALJ noted that there was conflicting evidence in the record regarding whether or not Ms. Harris paid a pro rata share of the household expenses and whether there was an agreement between Plaintiff and Ms. Harris as to such. R. 17. The ALJ's report references Ms. Harris's November 18, 2003 application for SSI benefits. R. 15, 49-52. The ALJ noted that in this application, Ms. Harris stated that she was not making payments toward household expenses, and that she was not purchasing her own food or eating out.[2] R. 15, 50. Additionally, the ALJ's report cited to the document entitled "Request to be Selected as Payee," also submitted on November 18, 2003. R. 17, 279. In this document Plaintiff states that "[Ms.] Harris does not owe me any money and I do not expect her to in the future." R. 279.

---

[2]Ms. Harris's November 18, 2003 application also provides, " I am not receiving any food or shelter from the people I live with for which I have an agreement to repay." R. 50.

7

The ALJ, also addressed Plaintiff's March 1, 2004 Statement of Claimant or Other Person. R. 17. In this Statement, Plaintiff states that the claims representative, who apparently helped Plaintiff with the November 18, 2003 SSI application, did not ask Plaintiff whether Ms. Harris was expected to repay Plaintiff for her share of the household expenses and that the claims representative simply instructed Plaintiff to sign the document, but never advised her to read it.[3] R. 17, 291. Thereafter, on September 4, 2004, both Plaintiff and Ms. Harris submitted their respective affidavits in which they stated that they had a verbal agreement in which Ms. Harris was to repay Plaintiff for the costs of food and shelter provided to Ms. Harris by Plaintiff, from the time she turned 18. R. 17, 293, 294.

Here, the ALJ considered the record and concluded that:

> The contemporaneous statements of the claimant's mother to the effect that the claimant was not contributing to the management of the household and that she did not expect her to reimburse her for household expenditures on her behalf, is a *res gestae* declaration against interests and cannot be negated by the subsequent affidavits submitted on this mater.

R. 17.

On the other hand, Plaintiff asserts that "the evidence was overwhelmingly clear that

---

[3]The Statement of Claimant or Other Person provides in part:

> When I was interviewed by Mrs. Becnel I was not asked if Rashinique was expected to repay me for her share of the household expenses. I was asked if I charged her anything to live in my home and my reply was no; how could I charge my child anything if she did not have a source of income, she did not have a job. If I had been asked if she were expected to repay me I would have said yes and she would tell you that too.

R. 291. On this issue the ALJ noted, "Whether or not the claims representative told the claimant' mother to read the Statement is irrelevant; a prudent person, in those circumstances would read the Statement before signing it." R. 17

the claimant shares a household with three people and pays her pro rata share of household operating expenses." (Doc. no. 10, p. 5). The basis of Plaintiff's "overwhelming" evidence are the affidavits she and Ms. Harris submitted, as well as their testimony at the hearing before the ALJ. (Id. at 5-6). However, it is precisely this evidence that the ALJ deemed not credible. R. 15, 17.

To the extent that Plaintiff argues that a "loan" could include in-kind advances of support and maintenance as well as cash, (doc. no. 10, p. 7-9 (citing Hickman v. Bowen, 803 F.2d 1377 (5th Cir. 1986)), her argument is misguided. This argument proffered by Plaintiff makes the presumption that there is a "loan," i.e., an agreement for Ms. Harris to reimburse Plaintiff for household operations. The Court agrees that a loan can include in-kind advances. Although Soc. Sec. Ruling 92-8p provides "A loan can be cash or an in-kind advance in lieu of cash. For example, an advance of food or shelter can represent a loan of the pro rata share of household operating expenses," such a loan must be enforceable under state law. Id. However, the issue of whether a loan can include in-kind advances was not before the ALJ. The issue before the ALJ was whether an agreement existed between Plaintiff and Ms. Harris of such an in-kind loan. The evidence in this case indicates that up until Ms. Harris's SSI benefits were reduced by one-third, Plaintiff stated that Ms. Harris did not owe Plaintiff any money, nor did she expect Ms. Harris to owe her any money in the future. Additionally, other than the record evidence discredited by the ALJ, there is no evidence in the record of any such loan agreement. The ALJ determined that Plaintiff's and Ms. Harris's testimony that Ms. Harris intended to reimburse Plaintiff for monies previously expended on Ms. Harris - i.e. a loan - was not credible in view the strength of the

documentary evidence previously mentioned. R. 18.

In sum, the Court finds that there is substantial evidence in the record to support the ALJ's credibility determination. The ALJ was sufficiently clear on his reasons for discrediting Plaintiff allegation that Ms. Harris was contributing to the management of the household and for determining that there was no agreement that Plaintiff was expecting reimbursement by Ms. Harris for the household expenditures.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 4th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE